IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE GROUND GUYS SPV, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MELLOS LLC and DEAN MELLOS,<br><br>Defendants. | §§§§§§§§§§§§<br><br>CIVIL ACTION NO. 6:23-cv-00019 |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1332, Defendants Mellos LLC and Dean Mellos hereby jointly remove this action to the U.S. District Court for the Western District of Texas, Waco Division, stating as follows:

## NATURE OF SUIT

1. On November 15, 2022, Plaintiff The Ground Guys SPV, LLC, filed suit against Defendants in the 414th Judicial District Court of McLennan County, Texas (the "State Court"), as Cause No. 2022-4023-5 (the "Petition").

2. In the Petition, Plaintiff, a citizen of the State of Texas, generally alleges that Defendants, citizens of California, breached a franchise agreement and caused Plaintiff to suffer "monetary damage in the amount of hundreds of thousands of dollars." *See* Ex. B, Pet. ¶ 9.

3. Pursuant to Texas Rule of Civil Procedure 119, Defendants in California accepted service of process on December 12, 2022 (to take effect when filed in the State Court, on December 13, 2022), "without waiver of any objections to personal jurisdiction, subject matter jurisdiction, forum, venue, or any other rights available to a defendant that does not accept service and is

otherwise served according to law," and further extending the deadline to file a response to the claims until February 6, 2023. *See* Ex. B, Acceptance & Rule 11 at 1.

4. Defendants accordingly have not responded or appeared in the State Court.

5. Pursuant to 28 U.S.C. § 1446(a), Defendants file this Notice of Removal now within the time period required by 28 U.S.C. § 1446(b)(2)(B) while continuing to reserve the right to object to personal jurisdiction, venue, or otherwise at the appropriate time.

## GROUNDS FOR REMOVAL

6. This Court has jurisdiction over the subject matter of this Removal pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.  *There Is Complete Diversity of Citizenship Among the Parties.*

7. Because Plaintiff is a limited liability company, it takes the citizenship of the state where it was incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff affirmatively pled in the Petition that its principal place of business is in Waco, Texas, and that it is a resident of Texas. *See* Ex. B, Pet. ¶ 20.

8. Defendant Mellos LLC takes it citizenship in California, as that is where it was formed and maintains its principal place of business. *Id.* ¶ 22. Defendant Dean Mellos is an individual who resides in California. *Id.* ¶ 21.

9. There is complete diversity of citizenship.

### B.  *The Amount in Controversy Requirement Is Satisfied.*

10. A defendant meets its burden of establishing the requisite amount in controversy for diversity jurisdiction if, among others, "it is apparent from the face of the petition that the

claims exceed $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

11. Plaintiff affirmatively alleged on the face of its Petition that it has suffered "monetary damage in the amount of hundreds of thousands of dollars," *see* Ex. B, Pet. ¶ 9, and pleads for monetary relief of "more than $200,000 but less than $1,000,000." *Id.* ¶ 13.

12. The amount in controversy exceeds the jurisdictional requirement.

C. ***Defendants Did Not Waive the Right to Remove This Action to Federal Court.***

13. Plaintiff's Petition alleges its franchise agreement requires any dispute to "be brought in the state or federal district court in McLennan County, Texas," and that the parties "waive the right to remove any action brought in the state court of McLennan County, Texas to a federal district court." *See* Ex. B, Pet. ¶ 16.

14. Such provision is contrary to controlling California law and the contract, which provides a provision in a franchise agreement involving a business operated in California that restricts venue for disputes to a forum outside of that State is void, *see* CAL. BUS. & PROF. CODE § 20040.5, and/or due to the franchise relationship being procured by fraud.

## THIS NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

15. Plaintiff filed its Petition in the State Court on November 15, 2022, and Defendants accepted service on December 12, 2022 (to be effective December 13, 2022). Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

16. The action is being jointly removed by both Defendants from the State Court "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Western District of Texas, Waco Division, embraces McLennan County. 28 U.S.C. § 124(d)(20).

17. Concurrent with the filing of this Notice of Removal, Defendants will promptly file a copy of same with the District Clerk for McLennan County, Texas, and therein will serve this Notice of Removal on Plaintiff's counsel, as reflected in the List of Counsel of Record attached as **Exhibit A**, in accordance with 28 U.S.C. § 1446(d).

18. True and correct copies of all process, pleadings, and orders served on Defendants in the State Court proceeding are in the Index of Records Being Filed attached as **Exhibit B**.

## NON-WAIVER OF DEFENSES

19. By removing this action from the State Court, Defendants do not admit any allegations in Plaintiff's Petition and do not waive any defenses or objections to same, including for a lack of personal jurisdiction, improper venue or forum, or otherwise.

## JURY DEMAND

20. Plaintiff did not make a jury demand in the State Court. Defendants hereby request a jury trial on any and all claims triable to a jury.

WHEREFORE Defendants respectfully remove the above-captioned action from the 414th Judicial District Court of McLennan County, Texas, to the United States District Court for the Western District of Texas, Waco Division.

DATED: January 11, 2023               Respectfully submitted,

                                              **LUTHER FIRM, P.C.**

                                              By: */s/ Doug Luther*

                                                  Douglas R. Luther (CA Bar No. 280550)
                                                  (*pro hac vice to be submitted*)
                                                  doug@lutherfirm.com
                                                  Beverly Bradshaw (CA Bar No. 266663)
                                                  (*pro hac vice to be submitted*)
                                                  beverly@lutherfirm.com
                                                  4685 MacArthur Court, Suite 440
                                                  Newport Beach, CA 92660
                                                  Tel: (949) 649-4241

                                                        -and-

                                              **WRIGHT COMMERCIAL LITIGATION**

                                              By: */s/ Jason E. Wright*

                                                  Jason E. Wright (TX Bar No. 24063896)
                                                  jason@jwrightlaw.com
                                                  8751 Collin McKinney Pkwy, Ste 1102 #1088
                                                  McKinney, TX 75070
                                                  Tel: (469) 270-7819
                                                  Fax: (469) 270-7822

                                            ***ATTORNEYS FOR DEFENDANTS MELLOS LLC AND DEAN MELLOS***

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and that a copy of the same is being contemporaneously e-filed and served in the State Court, with the e-filing manager in the State Court providing electronic service to all counsel of record for Plaintiff who have made an appearance in the State Court proceeding and thereby consented to service by that means.

*/s/ Jason E. Wright*